The Memorandum Decision below is hereby signed.
Dated: July 7, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
GENEVA VIRGINIA MORGAN,            )    Case No. 08-00176
                                   )    (Chapter 7)
         Debtor.                   )    Not for Publication in
                                   )    West's Bankruptcy Reporter

MEMORANDUM DECISION RE
FORD MOTOR'S MOTION FOR ORDER CONFIRMING TERMINATION OF STAY

Secured creditor Ford Motor Credit Company, LLC ("Ford Motor") filed a Motion for Entry of Order Confirming Termination of Automatic Stay (Docket Entry ("DE") No. 14) with respect to a 2002 Mercury Mountaineer motor vehicle because the debtor failed to indicate within thirty days after filing her bankruptcy petition (DE No. 1, filed March 17, 2008) whether she intended to redeem the vehicle or reaffirm the debt secured by the vehicle, as required by 11 U.S.C. § 521(a)(2).

The debtor, wishing to retain the vehicle, has opposed Ford Motor's motion (DE No. 19), asserting that she is current on the monthly payments due to Ford Motor and that a reaffirmation agreement with respect to the debt already exists between Ford

Motor and the co-signer for the debt, who has a bankruptcy case pending in this court.  (See In re Gennette Jones, Case No. 08-00040, DE No. 21, Order Approving Motion for Reaffirmation Agreement with Ford Motor Credit Company, LLC, entered June 18, 2008.)  The debtor has also filed a Motion to Consent to Unilateral Obligations on the Debtor for the Protection of the Secured Creditor (DE No. 17), requesting that the court enter an order imposing, with the debtor's consent, certain unilateral obligations on the debtor, including, for example, agreeing to be liable for any loss arising from failure to maintain insurance on the vehicle.  An order has been signed (copy attached) granting the debtor's motion and imposing the specified obligations on the debtor.  Those obligations are apparently designed to protect Ford Motor were it to delay repossessing the car until there is a monetary default.

Nevertheless, the debtor is not entitled to a denial of Ford Motor's motion.  The debtor's motion did not seek a full reaffirmation of the debt.  The failure to reaffirm the debt requires that the stay be terminated pursuant to 11 U.S.C. § 362(h)(1).

The automatic stay having been lifted, that does not necessarily entitle Ford Motor to proceed with repossession.  Ford Motor is entitled to proceed pursuant to its rights under nonbankruptcy law, and I need not decide whether those rights

include repossessing the car if the debtor is current on the debt.  See In re Rowe, 342 B.R. 341 (Bankr. D. Kan. 2006).  In light of the debtor's being current on the debt and having agreed to the entry of the order imposing unilateral obligations on her, it may be in Ford Motor's interests to permit her to retain the vehicle so long as she remains current on the debt.

An order follows granting Ford Motor's motion.

[Signed and dated above.]

Copies to: Debtor; Kevin D. Judd, Esq., counsel for debtor; Michael J. Klima, Esq., counsel for Ford Motor Credit Company, LLC; Chapter 7 Trustee.

The order below is hereby signed.

Signed: July 07, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE: GENEVA VIRGINIA MORGAN     :
                                  :
                                  :    Case No. 08-00176
                                  :
              Debtor.             :    Chapter 7

**ORDER IMPOSING, WITH THE
DEBTOR'S CONSENT, UNILATERAL OBLIGATIONS
ON THE DEBTOR FOR THE PROTECTION OF THE SECURED CREDITOR**

The debtor has filed a Motion to Consent to Unilateral Obligations for the Protection of Secured Creditor, Ford Motor Credit Company, LLC ("the creditor"), which calls for payments of $635.55, it is

ORDERED that the automatic stay of 11 U.S.C. sec. 362(a) and the forthcoming discharge injunction of 11 U.S.C. sec. 524(a)(2) which will arise upon the debtor's receiving a discharge are clarified or modified as follows:

(1) the debtor shall be obligated to pay for any loss arising from the failure to insure the car or from any interference with (or other failure to comply with the debtor's obligations relating to

facilitating) the creditor's right to repossess the car, and the creditor's pursuit of a claim in that regard will not constitute a violation of the automatic stay or the discharge injunction;

(2) so long as it has not repossessed and sold the motor vehicle, the creditor (and its successors and assigns, and any entity on whose behalf it has acted) may send notices or make statements to the debtor:

(i) regarding payments that are due or are to come due, which may include demands or payment,

(ii) regarding the debtor's obligation to keep the car insured in favor of the lienor as required by the parties' contract, or

(iii) embodying threats of repossession (or threats of sale after repossession) if a default has arisen or should arise under the parties' contract, and such notices or statements shall not be construed as an act to collect the debt as a personal liability of the debtor, but this shall not subject the debtor to any personal liability for the debt, and

(3) the creditor (and its successors and assigns, and any entity on whose behalf it has acted) may accept payments received pursuant to such notices.  It is further

ORDERED that the debtor is advised that by reason of the receipt of a discharge, she will not be personally obligated to make monthly payments that come due as owed to the creditor, but that she may elect voluntarily to make such payments if she wishes to avoid a monetary default pursuant to which the creditor might opt to enforce its lien against her vehicle.  It is further

ORDERED that actions taken by the secured creditor pursuant to the foregoing provisions will not violate the debtor's discharge or the automatic stay.

[Signed and dated above.]

Copies to Debtor; debtor's attorney; chapter 7 trustee; and

Michael J. Klima, Jr., Esq.
8600 LaSalle Road, Suite 200
Towson, MD 21286-2025

Ford Motor Credit
P.O. Box 94380
Palatine, IL 60094-4380

I consent to this order:


/s/ Geneva Virginia Morgan_____
Geneva Virginia Morgan

**End of Order**